

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 16, 1952

Hon. George L. Murphy          Opinion No. V-1387
County Auditor
Johnson County                 Re: Authority of the Com-
Cleburne, Texas                     missioners' Court to
                                    require the County
                                    Auditor to handle pay
                                    roll deductions, ac-
                                    counts, and reports
                                    covering social security
Dear Mr. Murphy:                    for county employees.

     Your request for an opinion from this of-
fice contains the following question:

     Does the Commissioners' Court of
Johnson County, Texas have the authority
to order the County Auditor of Johnson
County to make the necessary payroll de-
ductions, accounts and reports for the
program set up under House Bill 603, ch.
500, Acts of the 52nd Legislature, R.S.
1951?

     Section 9 of H.B. 603, Acts 52nd Leg., R.S.
1951, ch. 500, p. 1480 (Art. 695g, V.C.S.), relating
to social security for county and municipal employees,
provides:

     "When the governing body of a county
or municipality elects to enter into an
agreement with a State agency, it shall be-
come the duty of the county treasurer in
the respective counties, and of the person
or persons who hold comparable positions in
the municipalities, to assess and collect
the required contributions of the various
employees in the respective counties or mu-
nicipalities, and transmit the same to the
State agency. Each plan approved by the
State agency will specify the responsible
personnel of the undertaking county or mu-
nicipality who will be charged with the duty

to make assessments, collections, and reports." (Emphasis added.)

The statute is clear in that when the governing body of a county elects to enter into an agreement with a State agency, the county treasurer is the responsible agent, and it is his duty to assess and collect the required contributions. Therefore, each plan approved by the State agency will specify the county treasurer as the responsible person in the case of a county.

Article 1651, V.C.S., provides:

"The auditor shall have a general oversight of all the books and records of all officers of the county, district, or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of or belonging to the county, and he shall see to the strict enforcement of the law governing county finances."

The Texas courts have repeatedly held that the commissioners' court is a court of limited jurisdiction and has only such powers as are conferred upon it, either by express terms or necessary implication, by the statutes and the Constitution of the State. Childress County v. State, 127 Tex. 343, 93 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex. Civ. App. 1919, error ref.); Roper v. Hall, 280 S.W. 289 (Tex. Civ. App. 1925); Art. 2351, V.C.S. It is in the light of this general rule that we will answer your questions.

Under the above authorities and articles we agree with you that it is the duty of the county treasurer to assess the amount of the contributions necessary from the various county employees, to collect this amount, and to transmit same to the state agency. We further agree that under Article 1651, V.C.S., the county auditor is required to check, compare, and audit the social security services of the county treasurer, and to certify the results to the proper officials.

As a practical matter, the treasurer should make the correct computations as to the amount of the required assessment against the individual employee's

salary, and notify the county auditor and the county clerk of these computations. The county auditor and the county clerk in issuing the warrants for the compensation of the various county employees, should make the necessary deductions as set by the assessments of the county treasurer.

You are accordingly advised that the commissioners' court has no authority to designate any officer other than the county treasurer as the responsible agent to assess and collect the required payments of the various county employees, and the commissioners' court cannot order the county auditor to perform these duties.

## SUMMARY

A commissioners' court cannot order the county auditor to assess, collect, and transmit the payments under the new social security plan. This is the duty of the county treasurer. Sec. 9, H.B. 603, Acts 52nd Leg., R.S. 1951, ch. 500, p. 1480 (Art. 695g, V.C.S.).

It is the duty of the county auditor to supervise, compare, and audit the funds paid under H.B. 603, and to certify the accounts and make the reports to the proper authority. Art. 1651, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By

Robert H. Hughes
Assistant

Charles D. Mathews
First Assistant

RHH:mh